| | |
|---|---|
| 1 | TRINETTE G. KENT (State Bar No. 025180) |
| 2 | 10645 North Tatum Blvd., Suite 200-192 |
| 3 | Phoenix, AZ 85028 |
|   | Telephone: (480) 247-9644 |
| 4 | Facsimile: (480) 717-4781 |
| 5 | E-mail: tkent@lemberglaw.com |
| 6 | *Of Counsel to* |
| 7 | Lemberg Law, LLC |
|   | A Connecticut Law Firm |
| 8 | 1100 Summer Street |
| 9 | Stamford, CT 06905 |
|   | Telephone: (203) 653-2250 |
| 10 | Facsimile: (203) 653-3424 |

Attorneys for Plaintiff,
John Mickelson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| John Mickelson, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Harris & Harris, Ltd, | |
| Defendant. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, John Mickelson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Original exists pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial portion of the acts giving rise to this action occurred in this district and Defendant transacts business in this district.

## PARTIES

4. The Plaintiff, John Mickelson (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona 85215, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Harris & Harris, Ltd. (hereafter "Defendant" and alternatively referred to as "Harris"), is a company with an address of 222 Merchandise Mart Plaza, Suite 1900, Chicago, Illinois 60654, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

///

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. Upon information and belief, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. Upon information and belief, the Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the alleged Debt.

9. Harris attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Harris Engages in Harassment and Abusive Tactics

10. In or around November of 2014, Harris began contacting Plaintiff in an attempt to collect the alleged Debt from one of Plaintiff's relatives (the "Debtor").

11. Plaintiff is not a co-signer of the Debt and is not responsible for repayment of the Debt.

12. Harris placed calls to Plaintiff's residential telephone asking, via prerecorded message, to be called back and disclosing the name of the collection agency. The

message did not state that Harris was seeking location information regarding the Debtor.

13. Plaintiff returned the call and informed Harris' agent that Harris was calling the wrong number and requested the calls to stop.

14. Despite Plaintiff's unequivocal request, Harris continued calling Plaintiff at an annoying and harassing rate in an attempt to reach the Debtor.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's agent communicated with a person other than Plaintiff and failed to identify himself, failed to state that he was acquiring location information concerning the Debtor and/or identified his employer without being asked to do so, in violation of 15 U.S.C. § 1692b(1).

17. Defendant communicated with a person other than Plaintiff more than once without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

18. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

4

19.     Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

20.     Plaintiff was harmed and is entitled to damages as a result of Defendant's actions violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 9, 2015 | LEMBERG LAW, LLC |
| 3 | | |
| 4 | | |
| 5 | | By: */s/ Trinette G. Kent* |
| 6 | | Trinette G. Kent |
| 7 | | Attorney for Plaintiff |
| 8 | | John Mickelson |